# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:25-MC-00137

IN RE: REQUEST FOR JUDICIAL ASSISTANCE    )
FROM THE COURT OF FIRST INSTANCE OF    )
PUNCÓN IN PUNCÓN, CHILE in    )
*CARLOS JOSE PUGA HAMILTON v. LILIANA ASTRID*  )
<u>*ZULCH WERKMEISTER,* Ref. No. 14782-2025</u>    )

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
## FOR ORDER PURSUANT TO 28 U.S.C. § 1782

Now comes the United States of America, by and through Assistant United States Attorney, Janice Powers, and hereby submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782 and a Letter of Request from the Court of First Instance of Pucón in Pucón, Chile ("Chilean Court") pursuant to a Letter of Request issued in connection with a civil judicial proceeding captioned *Carlos Jose Puga Hamilton v. Liliana Astrid Zulch Werkmeister*, Foreign Ref. No. 14782-2025 for international judicial assistance to obtain certain bank account records from Wells Fargo Bank.

## INTRODUCTION

The request for international judicial assistance comes from the Court of First Instance of Pucón in Pucón, Chile which has issued a Letter of Request requesting evidence in the form of

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *But see In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

documentation from Wells Fargo Bank concerning bank account information related to Carlos Jose Puga Hamilton and or the ALPENGROUP, S.A. for the years 2020 to present for use in a civil child custody dispute in *Carlos Jose Puga Hamilton v. Liliana Astrid Zulch Werkmeister*, Foreign Reference Number 14782-2025, DOJ Reference Number: 189-11-25-2. *See* Exhibits 1 and 2 to Powers Declaration.

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in the Chilean Court and requests that Wells Fargo provide information pertaining to banking, financial, and related accounts, pertaining to Carlos Jose Puga Hamilton and/or ALPENGROUP, S.A. Specifically:

1. Wells Fargo's confirmation of the banking, investment, or other financial accounts or assets for the years 2023 to present, in the name of Carlos Jose Puga Hamilton and/or ALPENGROUP, S.A. Identifying information for Carlos Jose Puga Hamilton is United States Social Security No.: 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 and Identity Card No.: 6.053.583-3.

2. Report what type of account is held in this institution either personally in the name of Carlos Jose Puga Hamilton or through his related companies, especially the ALPENGROUP, S.A.

3. Report and submit information regarding mutual funds, time deposits, or any other investment fund that he has withdrawn and/or currently holds from the year 2020 to the date the information is submitted, including account statements if available.

4. Provide credit applications and any other documents demonstrating the assets that Mr. Carlos Jose Puga Hamilton, as previously identified, and his related companies have presented to the institution in support of the requested loans. Submit the corresponding financial statements.

5. Submit account statements reflecting transactions in checking, savings, or any other accounts, in pesos and/or U.S. dollars, as applicable, held by Carlos Jose Puga Hamilton either personally or through his companies, from the year 2020 to the date of response to this request.

6. Submit statements showing the transactions of credit cards held by Mr. Carlos Jose Puga Hamilton, either personally or through his companies, in pesos and/or U.S. dollars, from the year 2020 to the date the information is submitted.

2

7. Sufficient information regarding the details of direct and indirect debts registered in the financial system, the assets recorded in the bank, his payment behavior, and the financial products held with said institution by Carlos Jose Puga Hamilton and/or ALPENGROUP, S.A.

8. Report on the existence of shares, deposits, cashier's checks, as well as any cash withdrawals for any reason, indicating the amounts involved, that Carlos Jose Puga Hamilton has made, either personally or through his companies, all within the last 3 years.

The Chilean Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the Western District of North Carolina for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ARGUMENT

## I. THE HCCH 1970 EVIDENCE CONVENTION

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482

3

U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Chile. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited September 30, 2025).

Article 10 of the HCCH 1970 Evidence Convention provides that:

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000)).

4

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782.  This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a)    The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  *See also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 529 (1987) (providing a brief history of the HCCH 1970 Evidence Convention).  Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available.  *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress

has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory). *See also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Chilean Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 83 (2d Cir. 2004). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3783 (providing Congress's general statement regarding purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Wells Fargo "resides or is found in" the Western District of North Carolina because the company's subpoena

processing center is located in Charlotte, North Carolina.[2]  Second, the Letter of Request explains that the request is for evidence in the matter pending before the Court of First Instance of Pucón, in Pucón Chile, in *Carlos Jose Puga Hamilton v. Liliana Astrid Zulch Werkmeister,* Foreign Reference No. 14782-2025.  *See* Exhibit 2 to Powers Declaration at 1-3, 5.  Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal," the Court of First Instance of Pucón, in Pucón Chile.  *Id.*

## III.     DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *See Intel*, 542 U.S. at 264.  Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)).  The Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.  "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'"  *Al Fayed*, 210 F.3d at 424 (quoting *In re*

---

[2] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

*Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Chilean Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Wells Fargo is not a party to the proceedings and is not subject to the Chilean Court's jurisdiction because it is located in Charlotte, North Carolina; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Chilean Court or the character of the proceedings. Additionally, this request was initiated by the Court of First Instance of Pucón in Pucón, Chile and not by an independent party; therefore, the Chilean Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Court of First Instance of Pucón, in Pucón Chile, there is sufficient assurance that the request for judicial assistance is not

an attempt to circumvent Chilean Court's discovery rules or to thwart policies of either the United States or Chile. *See id.* at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). While the records and information sought by the Chilean Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et seq., does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to DOJ attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782). Therefore, the third *Intel* factor weighs in favor of granting the Chilean Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks account information necessary to adjudicate a proceeding in the nature of division of marital property and other related issues and would not be unduly intrusive or burdensome. *See, e.g., In re Svitavy*, 748 F. Supp. 2d at 529 (holding that providing DNA by buccal swab is not unduly burdensome). *See also In re Clerici*, 481 F.3d at 1335 (holding that it was witness's burden to move to limit discovery, absent which the Court was not going to address scope of request). For this reason, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Court of First Instance of Pucón in Pucón, Chile.

9

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Janice Powers is the proposed subpoena that this office intends to serve (in substantially similar format) on Wells Fargo should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the records will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Court of First Instance of Pucón, in Pucón Chile.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Janice Powers Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted this 21st day of October, 2025.

RUSS FERGUSON
UNITED STATES ATTORNEY

**s/Janice Powers**
JANICE POWERS
Assistant United States Attorney
North Carolina Bar No. 60504
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone No. (704) 344-6222
Janice.Powers@usdoj.gov

10

## <u>CERTIFICATION</u>

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 21st day of October, 2025.

**s/Janice Powers**_____
JANICE POWERS
Assistant United States Attorney